# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **GREGORY WALKER,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | **Case No.: 4:20-cv-00555-ACA** |
| } | |
| **SOCIAL SECURITY** } | |
| **ADMINISTRATION,** } | |
| **COMMISSIONER,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OPINION

Plaintiff Gregory Walker appeals the Social Security Commissioner's denial of his claim for a period of disability and disability insurance benefits. (Doc. 1). Based on the court's review of the administrative record and the parties' briefs, the court **WILL AFFIRM** the Commissioner's decision.

## I.  PROCEDURAL HISTORY

On February 5, 2018, Mr. Walker applied for a period of disability and disability insurance benefits, alleging that his disability began on May 27, 2014. (R. 256–58). The Social Security Administration initially denied Mr. Walker's application and he requested review by an Administrative Law Judge ("ALJ"). (R. 194–98, 201–02). After a hearing (*id.* at 14–38), the ALJ issued an unfavorable

decision (*id.* at 48–72).  The Appeals Council denied Mr. Walker's request for review.  (R. 2).  The Appeals Council's denial of review makes the Commissioner's decision final and ripe for the court's judicial review.  *See* 42 U.S.C § 405(g).

## II.   STANDARD OF REVIEW

The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The court "must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards."  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotation marks omitted).  "Where the ALJ denies benefits and the Appeals Council denies review, [this court] review[s] the ALJ's decision as the Commissioner's final decision."  *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quotation marks and alteration omitted).

"Under the substantial evidence standard, this court will affirm the ALJ's decision if there exists 'such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'"  *Henry*, 802 F.3d at 1267 (quoting *Winschel*, 631 F.3d at 1178).  The court may not "decide the facts anew, reweigh the evidence," or substitute its judgment for that of the ALJ.  *Winschel*, 631 F.3d at 1178 (quotation marks omitted).  The court must affirm "[e]ven if the evidence preponderates against the Commissioner's findings."  *Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1158–59 (11th Cir.2004) (quotation marks omitted).

Despite the deferential standard of review, the court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Henry*, 802 F.3d at 1267 (quoting *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986)). The court must reverse the Commissioner's decision if the ALJ does not apply the correct legal standards. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145–46 (11th Cir. 1991).

### III. ALJ'S DECISION

To determine whether an individual is disabled, an ALJ follows a five-step sequential evaluation process. The ALJ considers:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178.

Here, the ALJ determined that Mr. Walker had not engaged in substantial gainful activity since his alleged disability onset date of May 27, 2014. (R. 53). He found that Mr. Walker had the following severe impairments: osteoarthritis of the knees; he was post meniscectomy and chondroplasty in the right knee, with a medial meniscal tear; he was post tendon repair in the left knee with tendinopathy in the

distal quadriceps and patellar tendons; he was post rotator cuff and labral tear surgery in the left shoulder; and he had lumbar degenerative disc disease, obesity, hypertension, and obstructive sleep apnea. (*Id.* at 53–54). He also found that Mr. Walker had non-severe impairments in the form of contact dermatitis and adjustment disorder. (*Id.* at 54–55). The ALJ concluded that Mr. Walker did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (*Id.* at 56).

Next, the ALJ determined that Mr. Walker had the residual functional capacity to perform light work with some additional restrictions. (R. 58). Based on that residual functional capacity, the ALJ found that Mr. Walker was unable to perform any past relevant work. (*Id.* at 67). However, relying on testimony from a vocational expert, the ALJ concluded that Mr. Walker could perform other jobs that existed in significant numbers in the national economy, including office helper, inspector checker, and assembler. (*Id.* at 68). Accordingly, the ALJ determined that Mr. Walker had not been under a disability as defined in the Social Security Act from May 27, 2014, through June 18, 2019. (*Id.* at 69).

**IV.   DISCUSSION**

Mr. Walker argues that the court should reverse and remand the Commissioner's decision for four reasons: (1) the ALJ failed to adequately consider

4

Mr. Walker's testimony about the side effects of his medication; (2) the ALJ failed to adequately explain the reason for rejecting a consultative physician's opinion; (3) the Appeals Council failed to adequately consider Mr. Walker's new post-decision evidence; and (4) substantial evidence did not support the denial of benefits. (Doc. 12 at 2–3). The court addresses each issue in turn.

1. Side Effects of Medications

Mr. Walker first argues that the ALJ failed to adequately consider his testimony that his medications made him sleepy and drowsy and caused him constipation and frequent urination. (Doc. 12 at 22).

The court notes that Mr. Walker has not made any argument about why some unspecified level of drowsiness, sleepiness, constipation, or frequent urination affected his ability to work during the relevant time period. (*See id.* at 22–23). But even if he had, the ALJ's decision expressly acknowledged Mr. Walker's testimony about the side effects of his medications (R. 60) and found that "[t]he record is devoid of any prolonged use of medications that would produce debilitating side effects; however, reasonable side effects have been factored into reducing the residual functional capacity to less than light during the relevant period." (*Id.* at 63). This is sufficient to show that the ALJ considered Mr. Walker's testimony along with the objective medical evidence in rejecting Mr. Walker's testimony that the side effects affected his ability to work. *See, e.g.*, *Cowart v. Schweiker*, 662 F.2d 731,

737 (11th Cir. 1981) (explaining that the ALJ's decision must "mak[e] it possible for a reviewing tribunal to know that the claim was not entirely ignored"); *see also Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005) ("[C]redibility determinations are the province of the ALJ."). The court cannot reverse the ALJ's decision on this ground.

### 2. Dr. Fava's Opinion

Mr. Walker next contends that the ALJ erred by failing to give adequate weight to the opinion of Commissioner's consultative examiner, Dr. Anthony Fava, who concluded, among other things, that Mr. Walker could walk for less than thirty minutes and could lift, carry, and handle only objects weighing less than three pounds. (Doc. 12 at 23–28; *see also* R. 394). Mr. Walker argues that (1) the ALJ substituted his judgment for Dr. Fava's because Dr. Fava's opinion was consistent with evidence of Mr. Walker's knee and shoulder surgeries, his degenerative disc disease, and Veterans Affairs records; and (2) the ALJ did not adequately explain his reason for rejecting Dr. Fava's opinion. (Doc. 12 at 27–28).

An ALJ "must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel*, 631 F.3d at 1179.[1] "[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary

---

[1] Neither party addresses the effect of the regulations in effect for claims filed on or after March 27, 2017. (*See* Doc. 13 at 11–12). Because the parties do not address those regulations, neither does the court.

6

conclusion." *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985). "In deciding how much weight to give a medical opinion, the administrative law judge considers, among other things, the examining relationship, the treatment relationship, the extent to which the opinion is supported by medical evidence and explanations, and whether the opinion is consistent with the whole record." *Walker v. Soc. Sec. Admin., Comm'r*, 987 F.3d 1333, 1338 (11th Cir. 2021).

In this case, the ALJ described Dr. Fava's opinion in detail before explaining why he found that opinion unpersuasive. (R. 61–62, 66). The ALJ stated that "[t]he doctor apparently relied quite heavily on [Mr. Walker]'s subjective report of symptoms and limitations, and seems to uncritically accept as true most, if not all, of what [Mr. Walker] reported," but that Mr. Walker's statements to Dr. Fava were inconsistent with other medical evidence and Dr. Fava's conclusion was inconsistent with Dr. Fava's own examination findings. (*Id.* at 66). The ALJ also expressly found that Mr. Walker's subjective testimony was disproportionate to the objective medical evidence. (*Id.* at 60; *see also id.* at 63).

The court cannot "decide the facts anew, reweigh the evidence," or substitute its judgment for that of the ALJ. *Winschel*, 631 F.3d at 1178; *cf. Moore*, 405 F.3d at 1213 ("To the extent that [the claimant] points to other evidence which would undermine the ALJ's [residual functional capacity] determination, her contentions misinterpret the narrowly circumscribed nature of our appellate review, which

7

precludes us from re-weighing the evidence or substituting our judgment for that of the Commissioner even if the evidence preponderates against the decision.") (footnote, quotation marks, and alterations omitted). The ALJ's decision makes clear that he considered all of the evidence presented to him in deciding how to weigh Dr. Fava's opinion, the ALJ accurately described the evidence on which he was relying, and he adequately articulated his reasons for weighing the evidence as he did. The ALJ's factual finding with respect to the weight to assign to Dr. Fava's opinion binds this court, and the court may not reweigh that opinion.

3. Post-Decision Medical Evidence

Mr. Walker argues that the Appeals Council failed to adequately review his post-decision medical evidence from the Center of Orthopaedic & Rehab Excellence, which showed continuing left knee and left shoulder pain. (Doc. 12 at 28–29). However, he also concedes that the only case on which he relies is distinguishable "because the Appeals Council considered the evidence and held it [did] not affect the decision." (*Id.* at 29). He has therefore abandoned any argument about whether the Appeals Council erred. *See Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue . . . ."); *see also Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant

abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

### 4. Hypothetical Question

Mr. Walker's final argument is that the ALJ's hypothetical question to the vocational expert did not include all his impairments because the ALJ did not include Mr. Walker's pain level, the effect of his pain medications, or his testimony about his need to keep his legs raised. (Doc. 12 at 30).

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). But the ALJ is "not required to include findings in the hypothetical that the ALJ has properly rejected as unsupported." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004); *see also McSwain v. Bowen*, 814 F.2d 617, 619–20 & n.1 (11th Cir. 1987) (holding that the ALJ did not err in asking a hypothetical question that assumed only restrictions that the evidence supported and omitted other restrictions).

As discussed above, the ALJ acknowledged Mr. Walker's testimony about his level of pain, the side effects of his medications, and his need to prop up his legs. (R. 59–60). But the ALJ found Mr. Walker's allegations "disproportionate to the objective medical evidence" because "[t]he record does not contain objective signs

9

and findings that could reasonably be expected to produce the degree and intensity of the pain and limitations alleged." (*Id.* at 60). The ALJ discussed at length other evidence in the record supporting his finding. (*Id.* at 60–67). Mr. Walker does not address the ALJ's reasoning for his findings, and has therefore abandoned any argument on that point. *See Singh*, 561 F.3d at 1278; *Sapuppo*, 739 F.3d at 681. But to the extent Mr. Walker does challenge the ALJ's finding about Mr. Walker's testimony, his argument amounts to an invitation for the court to reweigh the evidence, which the court cannot do. *See Winschel*, 631 F.3d at 1178; *cf. Moore*, 405 F.3d at 1213. The court will not reverse the ALJ's decision on this ground.

## V.   CONCLUSION

Substantial evidence supports the Commissioner's decision and the Commissioner applied proper legal standards in reaching that decision. Therefore, the court **WILL AFFIRM** the Commissioner's final decision. The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this August 5, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE